**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHARON S. BEN-HAIM *et ano.*, <br><br> Plaintiff, <br><br> and <br><br> NEW ISRAEL FUND *et al.*, <br><br> Defendants. | Civil Action No.: 17-2194 (JLL) <br><br> **OPINION** |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Sharon S. Ben-Haim's Notice of Motion to Remand to State Court. (ECF No. 13 ("Pl. Mov. Br.")). Defendants Ohr Torah Stone, Yad Lisha, Zvia Moskowitz, New Israel Fund ("NIF"), Mavoi Satum, and Batya Kahana-Dror have Opposed Plaintiff's Motion, (ECF Nos. 17, 22). The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's Motion to Remand.

### I. BACKGROUND[1]

On February 23, 2017, Plaintiff filed the subject Complaint in the Superior Court of New Jersey naming Defendants NIF, Mavoi Satum, Batya Kahana-Dror, Ohr Torah Stone, Yad Lisha, and Zvia Moskowitz. (ECF No. 1-1 ("Compl.") at ¶¶ 3-9). Plaintiff currently resides in the State of New Jersey (Compl. at ¶ 1) and is a citizen of the United States (Pl. Mov. Br. at 3). Defendant

---

[1] This Background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

NIF is a California non-profit organization with offices in New York City. (Compl. at ¶¶ 3-4). Next, Defendant Ohr Torah Stone is a New York non-profit organization. (Compl. at ¶ 7). Defendants Mavoi Satum and Yad Lisha are both Israeli non-profit organizations (Compl. at ¶¶ 5, 8), and Defendants Batya Kahana-Dror and Zvia Moskowitz are citizens of Israel (Compl. at ¶¶ 6-9).

Plaintiff alleges that Defendants aided Plaintiff's ex-wife, Oshrat Abergel, in the abduction of Plaintiff's child, Ofir Ben-Haim. (*See* Compl. at ¶ 26). Hence, Plaintiff brought this four count complaint alleging Defendants committed: 1) intentional inference with custody, 2) defamation and libel, 3) intentional infliction of emotional distress, and 4) civil conspiracy. (*See* Compl. at ¶¶ 52-84).

On March 31, 2017, Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, claiming that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. (*See* ECF No. 1 at 1-3). Defendants aver that the parties satisfy complete diversity under 28 U.S.C. § 1332 because "Plaintiff is a resident of New Jersey and . . . none of the defendants are incorporated in New Jersey, have their principal place of business in New Jersey, or reside in New Jersey." (Id. at 4). On April 24, 2017, Plaintiff filed the instant Motion to Remand this matter to the Superior Court of New Jersey, Bergen County, Law Division. (Pl. Mov. Br.). Plaintiff argues that removal to this Court was improper because complete diversity is lacking since Plaintiff is a citizen of Israel and Defendants Batya Kahana-Dror, Zvia Moskowitz, Mavoi Satum, and Yad Lisha are either citizens of Israel or Israeli non-profit organizations. (Pl. Mov. Br. at 3-4). On May 4, 2017, Defendants Zvia Moskowitz, Ohr Torah Stone, and Yad Lisha opposed the Motion to Remand arguing that Plaintiff is a dual citizen of both the United States and Israel. (*See* ECF No. 17 at 2). Therefore, Defendants assert that Plaintiff "is considered a Citizen of the State in which he is

domiciled for purposes of diversity." (Id.). Defendants NIF, Mavoi Satum, and Batya Kahana-Dror have yet to file oppositions to the Motion to Remand.

## II. **LEGAL STANDARD**

A federal court is a court of limited jurisdiction whose power to hear a case must be "authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a presumption against this limited grant of jurisdiction. *See id.* Moreover, a party asserting jurisdiction has the burden of establishing it. *See id.* A party may assert federal question jurisdiction or diversity jurisdiction. *See* 28 U.S.C. §§ 1331-1332. No federal question jurisdiction is being asserted by Plaintiff. Accordingly, the below analysis will focus strictly on diversity jurisdiction.

Diversity jurisdiction under 28 U.S.C. § 1332(a) grants the federal courts jurisdiction over claims that exceed $75,000 and are between

> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). A citizen of a State must "both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (emphasis in original). Typically, a citizen of the United States is one who is "born in the United States, and subject to the jurisdiction thereof[,]" 8 U.S.C. § 1401, or is one who applies for and is granted citizenship through the Attorney General of the United States. *See* 8 U.S.C. § 1421. If a party holds dual citizenship, the court may only consider the party's United States citizenship when

3

determining diversity jurisdiction. *See Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (3d Cir. 2008). "[D]omicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Jurisdiction under 28 U.S.C. § 1332(a)(1) requires the parties to have complete diversity. *C.T. Carden v. Arkoma Assocs*, 494 U.S. 185, 187 (1990). "[T]hat is, no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of the Virgen Islands, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). Likewise, 28 U.S.C. § 1332(a)(2) requires complete diversity of citizenship and prohibits this Court from hearing a matter where the plaintiff and defendant are both citizens of a foreign state. *See Dresser Industries, Inc. v. Underwriters at Lloyd's of London*, 106 F.3d 494, 498-99 (3d Cir. 1997). However, 28 U.S.C. § 1332(a)(3) does not require complete diversity between parties that are citizens of foreign states so long as there is complete diversity between the parties that are citizens of different States. *See id.* at 499.

### III.   ANALYSIS

It is undisputed that four of the six Defendants are either citizens of Israel or Israeli non-profit organizations. Therefore, as noted above, since this matter involves citizens of a foreign state, 28 U.S.C. § 1332(a)(1) is inapplicable. Moreover, 28 U.S.C. § 1332(a)(4) is inapplicable because Plaintiff is not a foreign state as defined under 28 U.S.C. § 1603(a). Thus, the question herein is whether this Court has diversity jurisdiction under 28 U.S.C. §§ 1332(a)(2) or (a)(3). If Plaintiff is a citizen of a domestic State, then 28 U.S.C. § 1332(a)(3) provides this Court with subject matter jurisdiction. However, if Plaintiff is not a citizen of a domestic State, then this

4

Court does not have diversity jurisdiction because the complete diversity requirement of 28 U.S.C. § 1332(a)(2) is broken.

Defendants concede that Plaintiff is a citizen of Israel, but argue that he is also a dual citizen of the United States, and, as such, this Court has subject matter jurisdiction under 28 U.S.C. § 1332. (*See* ECF No. 17 at 2; ECF No. 22 at 4-5). Defendants' basis for this argument is that Plaintiff has not explicitly denied being a citizen of the United States, has alleged in a previous case that he is an "American," and alleges now that he is residing in New Jersey. (*See* id.). These three arguments may suffice to establish that Plaintiff is a resident of New Jersey, but fail to establish that Plaintiff is a citizen of the United States. Defendants must establish both. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

Moreover, this Court and the Honorable Esther Salas, U.S.D.J., have both previously dismissed the premise that Plaintiff is a dual citizen of Israel and the United States. In *Ben-Haim v. Edri*, this Court remanded the action to the Superior Court of New Jersey for lack of subject matter jurisdiction concluding it was without subject matter jurisdiction. *See Ben-Haim v. Edri*, Civ. No. 15-3877, at 4 (D.N.J. Oct. 1, 2015) (Linares, J.). Additionally, in *Ben-Haim v. Avraham*, Judge Salas dismissed the action for lack of subject matter jurisdiction finding that Plaintiff was not a citizen of the United States. *See Ben-Haim v. Avraham*, Civ. No. 15-6669, at 7 (D.N.J. Sept. 6, 2016) (Salas, J.) ("*Plaintiff is deemed not to be a citizen of a State*, and this Court does not have subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2).") (emphasis added).

Here, Defendants fail to persuade this Court to a contrary finding. Rather than submit proof to this Court that Plaintiff is a citizen of the United States, Defendants merely present same through argument of counsel, and thereby do not meet their burden of proof. *See Kokkonen*, 511 U.S. 375 at 377. Hence, this Court cannot conclude that Plaintiff is a citizen of the United States

without further proof. Thus, 28 U.S.C. § 1332(a)(3) does not provide this Court with diversity jurisdiction because this action is between citizens of a foreign state. Moreover, complete diversity is broken rendering 28 U.S.C. § 1332(a)(2), likewise, inapplicable. *See Dresser Indus.*, 106 F.3d at 498-99. Accordingly, the Court is without subject matter jurisdiction and this action must be remanded.

The Court declines to rule on the merits of Defendants' Motions to Dismiss (ECF Nos. 10, 16) as it is without subject matter jurisdiction to do so.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is hereby granted. An appropriate Order accompanies this Opinion.

DATED: July 20, 2017

JOSE L. LINARES
Chief Judge, United States District Court